IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stephen Mark Hause, | ) | C/A No.: 0:07-270-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Major James Harris, for Lexington County Detention Center in his individual and or official capacity, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Stephen Mark Hause, was a pretrial detainee at the Lexington County Detention Center during the time of the matters alleged in his complaint. He initiated this action pursuant to 42 U.S.C. § 1983 contending he was confined in "unconstitutional" overcrowded conditions; he was improperly treated for his medical conditions; he was denied access to legal materials; and that the jail food was "unseasoned."

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should grant defendants' motion for

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

summary judgment.[2]  The Magistrate Judge opines that the facts alleged by plaintiff are plainly insufficient to raise a genuine question as to whether his constitutional rights were violated to survive summary judgment.

The Magistrate Judge further recommends that since the plaintiff is no longer incarcerated at the Lexington County Detention Center, to the extent he has requested declaratory or injunctive relief, his claims are moot.  However, the plaintiff's claims for monetary damages are not moot.

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on November 9, 2007.  The undersigned granted plaintiff's motion for an extension of time to file objections, however, the plaintiff did not file any objections[3] to the Report.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper.

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.  Plaintiff did not respond to the motion.

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

Accordingly, the Report and Recommendation is incorporated herein by reference and defendants' motion for summary judgment is granted in its entirety.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

January 23, 2008
Columbia, South Carolina